UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SAM HALL,

    Plaintiff,                                Civil Action No. 10-CV-13350

vs.                                      HON. BERNARD A. FRIEDMAN

THORI FUQUA, LT. VASHAW,
LT. FREED, JAMES R. DUNIGAN,
LORIE J. McWILLIAMS, and JOHN SCIOTTI,

    Defendants.

_____/

## OPINION AND ORDER OF DISMISSAL

### I. Introduction

Plaintiff John Sam Hall is a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan. He has filed a *pro se* complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983. The defendants are employed by the Michigan Department of Corrections as follows: Thori Fuqua is an assistant deputy warden; Lieutenants Vashaw and Freed are part of the security staff; James Dunigan is a resident unit manager; Lorie J. Mc Williams is an assistant resident unit manager; and John Sciotti is a resident unit manager.

The complaint and attachments allege that, on October 15, 2008, Plaintiff was placed in administrative segregation and charged with assault and battery for grabbing an inmate by the neck and pushing the inmate against the wall. Although Plaintiff claimed that he and the other inmate were just playing, a correctional officer noticed that Plaintiff looked angry at the time and that he pushed the other inmate against the wall in an aggressive and forceful manner. A confidential witness reported that Plaintiff had been pressuring the inmate for sex and was attempting to intimidate him into performing sex acts. On October 21, 2008, a hearing officer held

a hearing on the misconduct charge and found Plaintiff guilty, as charged, of assault and battery. The hearing officer punished Plaintiff with detention and loss of privileges for thirty days.

On October 21, 2008, and on October 28, 2008, Plaintiff received a notice of intent to designate him as a sexual predator. At a formal hearing on December 23, 2008, the hearing officer determined that Plaintiff was not a sexual predator. Plaintiff nevertheless was transferred to a different prison as a sexual predator and at a higher level of security. He filed a grievance, and when prison officials discovered that Plaintiff was erroneously labeled as a sexual predator on some internal forms, the sexual predator label was removed. Plaintiff apparently was re-screened for the proper security classification level and placed on a waiting list for the next available opening to accommodate his reduced security level.

Plaintiff claims that (1) the defendants' conduct constituted cruel and unusual punishment, (2) he was placed in administrative segregation even though he was not a threat to anyone, (3) the defendants deprived him of due process during the disciplinary proceedings, and (4) the defendants conspired to write bogus, unfounded reports against him. He sues the defendants in their individual and official capacities for money damages and injunctive relief in the form of an investigation, punishment for correctional staff, and "some administrative action." Compl. at unnumbered page 8.

## II. Legal Standards

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from

a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (citations and footnote omitted).

## III.  Discussion

Plaintiff's claims are frivolous and fail to state a claim because his detention in segregation and loss of privileges for thirty days were not "atypical and significant hardship[s] on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, Plaintiff's detention and loss of privileges did not implicate a liberty interest protected by the Due Process Clause. "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

The transfer to another institution also did not implicate a protected liberty interest.

*Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (citing *Sandin*, 515 U.S. at 478, and *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). The error in security classification does not entitle Plaintiff to relief because he had no "constitutional right to placement in any particular prison or in any particular section within the prison system," *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995), and no constitutional right to a particular security classification. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Moody v. Daggett*, 429 U.S. 78 (1976), and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). Plaintiff's designation as a sexual predator was merely a security classification used by the prison. Because he did "not have a constitutional right to a particular security level or classification, he fails to state a claim." *Ford v. Harvey*, 106 Fed. Appx. 397, 399 (6th Cir. 2004); *see also Washington v. Wiest*, 156 F.3d 1233, No. 97-1289, 1998 WL 466555, at *2 (6th Cir. July 31,1998) (noting that plaintiff could not invoke the procedural guarantees of the Due Process Clause or successfully challenge his classification as a homosexual predator because he had no liberty interest in a classification free of the label of homosexual predator).

The Eighth Amendment claim is frivolous, because the conditions imposed on Plaintiff did not constitute the "unnecessary and wanton infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citations omitted), nor fall below "the minimal civilized measure of life's necessities," as determined by contemporary standards of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Court construes Plaintiff's conspiracy claim as one brought under 42 U.S.C. § 1985(3), which prohibits conspiracies to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." "The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind

the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff's conspiracy claim lacks an arguable basis in law because Plaintiff has not shown that the defendants' actions were motivated by some racial or class-based, invidiously discriminatory animus.

### IV. Conclusion

For all the foregoing reasons, the complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

An appeal from this decision would be frivolous and could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

S/Bernard A. Friedman\_\_\_\_\_
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 21, 2010
  Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Judge Friedman